(No. 4437- ▮▮▮▮▮▮)

ROBERT J. ALLEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*

JOSEPH L. MOORE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

On May 15, 1951 the claimant filed his complaint. It alleges that on November 23, 1949, Robert J. Allen, an employee of the Department of Public Works and Buildings, Division of Highways, was injured in the City of Springfield, Illinois, while engaged in the performance of his duties in cleaning a striping tank, when a chemical broke through a pipe, and sprayed the eyes, face and body of claimant.

The record consists of the complaint, motion of respondent to dismiss, and notice to call up motion to dismiss.

Section 24 of the Workmen's Compensation Act, Chap. 48, Par. 161, Ill. Rev. Stat., 1949, provides:

"No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty days after the accident, except in cases of hernia, in which cases notice shall be given the employer within fifteen days after the accident. In case of mental incapacity of the employee or any dependents of a deceased employee, who may be entitled to compensation under the provisions of this Act, the limitations of time by this Act provided shall not begin to run against said mental incompetents until a conservator or guardian has been appointed: Provided that where such limitations bar an adult mentally competent member of a class of beneficiaries entitled to receive compensation for death, such limitation shall then bar all beneficiaries notwithstanding that another or others be mentally or otherwise incapacitated or incompetent.

No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy. Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing; provided, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident; Provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred; Provided, further, that if the accidental injury results in death within said year, application for compensation for death may be filed with the Industrial Commission within one year after the date of death, but not thereafter."

The complaint shows on its face that more than one year had elapsed from the date of the alleged injury prior to the filing of the complaint herein. Therefore, under the law, this Court is without jurisdiction to hear and determine the claim for the reason that the statute of limitations has run against the claimant.

Having concluded that we are without jurisdiction to hear and determine this claim, it becomes unnecessary to discuss any other questions.

The motion of the Attorney General is allowed.

Complaint dismissed.